**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | | |
|---|---|---|
| MITCHELL TISCHAUSER, *individually* <br> E8091 Dailey Road <br> New London, WI 54961 | ) <br> ) <br> ) <br> ) | CIVIL ACTION NO.: |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | |
| DONNELLY TRANSPORTATION, INC, *a foreign corporation*, <br> 7545 South Madison Street <br> Burr Ridge, IL 60527 | ) <br> ) <br> ) <br> ) <br> ) | |
| JOSUE R. HIDALGO-CLARKE, *individually*, <br> 5051 S. Winchester Ave. <br> Rear 2, Floor 2 <br> Chicago, IL 60609 | ) <br> ) <br> ) <br> ) <br> ) | |
| FIREBIRD TRUCKING INC., *a foreign corporation*, <br> 3047 S. Lyman Street <br> Chicago, IL 60608 | ) <br> ) <br> ) <br> ) <br> ) | |
| ACE PROPERTY AND CASUALTY INSURANCE COMPANY, *a foreign corporation*, <br> 436 Walnut Street <br> Philadelphia, PA 19106 | ) <br> ) <br> ) <br> ) <br> ) | |
| STATE NATIONAL INSURANCE CO., INC., *a foreign corporation*, <br> 1900 L. Don Dodson Blvd. <br> Bedford, TX 76021 | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | | |

## COMPLAINT AND JURY TRIAL DEMAND

NOW COMES the above-named Plaintiff, Mitchell Tischauser, by and through his attorneys, L'Esperance & Feidt, LLC, and as and for separate claims against the above-named defendants, and each of them, alleges and shows to the Court as follows:

## PRELIMINARY STATEMENT

This is a civil action for money damages for injuries sustained by Mitchell Tischauser arising from a collision involving a semi-tractor trailer and automobile on U.S. Highway 45 near the City of New London, Wisconsin on January 24, 2020. On that date, Mitchell Tischauser operated a four-door automobile sedan with three other occupants on southbound U.S. Highway 45 and was struck head-on by a northbound semi-tractor trailer operated by Josue Hidalgo-Clarke when Hidalgo-Clarke crossed the centerline and traveled into the southbound lane of U.S. Highway 45.  At the time of the collision, Hidalgo-Clarke operated a semi-tractor trailer with the consent of Donnelly Transportation, Inc. and Firebird Trucking, Inc.  As a result of the collision, Mitchell Tischauser suffered serious physical injuries including a complete loss of his left arm above the elbow, jaw fractures, rib fractures, spinal fractures, foot fractures, a traumatic brain injury and fractures of his femur, tibia, patellar and fibula.  He commences this action to recover damages for his injuries and losses.

## PARTIES

1. Plaintiff Mitchell Tischauser, (hereinafter "TISCHAUSER" or "PLAINTIFF") is an adult resident of the State of Wisconsin and resides at E8091 Daily Road, New London, Wisconsin 54961.

2. Defendant, Donnelly Transportation, Inc., (hereinafter "DONNELLY TRANSPORT") is a foreign corporation incorporated in Illinois with a primary business address of 7545

South Madison Street, Burr Ridge, Illinois 60527 and was transacting business in the State of Wisconsin on the date of the collision through its employees, agents, and/or representatives acting within the course and scope of their employment with Donnelly Transport.

3. That upon information and belief, Defendant, Josue R. Hidalgo-Clarke, (hereinafter "HIDALGO-CLARKE") is an adult resident and citizen of the State of Illinois, and resides at 5051 S. Winchester Ave., Rear 2 Floor 2, Chicago, Illinois 60609.

4. Defendant, Firebird Trucking, Inc., (hereinafter "FIREBIRD TRUCKING") is a foreign corporation incorporated in Illinois with a principal place of business at 3047 S. Lyman Street, Chicago, Illinois 60608 and was at all times material transacting business in the State of Wisconsin on the date of the collision through its employees, agents, and/or representatives acting within the course and scope of their employment.

5. Defendant, Ace Property and Casualty Insurance Company, is a foreign corporation incorporated in Pennsylvania with a principal place of business at 436 Walnut Street, Philadelphia, PA 19106.

6. Defendant, State National Insurance Co., Inc., is a foreign corporation incorporated in Texas with a principal place of business at 1900 L. Don Dodson Boulevard, Bedford, TX 76021.

## JURISDICTION

7. This Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to diversity jurisdiction under 28 USC § 1332 because Plaintiff does not reside in the same state as Defendants and the amount and controversy exceeds $75,000.00, exclusive of costs and interest.

8. Venue is proper in the Eastern District of Wisconsin, Green Bay Division pursuant to 28 USC § 1391(b)(2) and Local Court Order Regarding Assignment of Cases filed on August 30, 2002 because the events given rise to the claim occurred in this judicial district.

9. **PLAINTIFF DEMANDS A JURY TRIAL** as to all issues of fact contained herein.

## FACTUAL ALLEGATIONS

10. Defendant Donnelly Transport is a for-profit corporation and, among other things, owns, operates, and maintains a fleet of commercial motor vehicles, including tractor-trailers, employs commercial truck drivers, contracts with other motor carriers and commercial truck drivers, and transports interstate freight, including transportation through Wisconsin.

11. Defendant Firebird Trucking is a for-profit corporation and, among other things, owns, operates, and maintains a fleet of commercial motor vehicles, including tractor-trailers, employs commercial truck drivers, contracts with other motor carriers and commercial truck drivers, and transports interstate freight, including through Wisconsin.

12. At all relevant times herein, Donnelly Transport and Firebird Trucking were motor carriers subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration (FMCSA), codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts, and otherwise known as the Federal Motor Carriers Safety Regulations (FMCSR).

13. Defendant Hidalgo-Clarke is a resident and citizen of the State of Illinois and at all times material was a duly licensed commercial truck driver acting within the scope of his

employment with Donnelly Transport and Firebird Trucking, and subject to and required to obey the FMCSR.

14. Firebird Trucking, at all relevant times, was the owner of a 1998 Freightliner tractor, VIN: 1FUYSSEB6WP980281, Illinois License Plate number 01242020 pulling a separately owned semi-trailer with license plate number U878756 issued by the State of Tennessee and with a VIN: 1TA144523E2206299.

15. Firebird Trucking authorizes third-parties, including Donnelly Transport, to use its tractor-trailers and employees in furtherance of its interstate commerce business.

16. On January 24, 2020, Donnelly Transport used the 1998 Freightliner, Illinois plate number 01242020, VIN: 1FUYSSEB6WP980281 in furtherance of its business, and with the consent of Firebird Trucking.

17. As part of their joint adventure, Donnelly Transport and Firebird Trucking agreed to split gross revenues each trip.

18. Additionally, Firebird agreed to produce the driver of the truck tractor as part of its joint adventure with Donnelly Transport.

19. Hidalgo-Clarke drove the aforementioned Freightliner tractor with the permission, consent, and for the benefit of Donnelly Transport and Firebird Trucking.

20. The gross combination of the vehicle weight rating (GVWR) of the tractor-trailer was greater than 26,000 pounds.

21. Donnelly Transport was a duly authorized, licensed, and regulated carrier with authority and responsibility for the Hidalgo-Clarke-driven 1998 tractor-trailer and its cargo.

22. Firebird Trucking was a duly authorized, licensed, and regulated carrier with authority and responsibility for the Hidalgo-Clarke-driven 1998 tractor-trailer and its cargo.

23. Driving a tractor-trailer is substantially more difficult and dangerous than driving a personal vehicle, and presents a substantially increased danger to other motorists on the road.

24. Driving tractor-trailers on the roads of America is dangerous, potentially causing injury and death, unless skillfully and carefully done.

25. As a result of the potential dangers, the Federal Government requires all interstate trucking companies to be licensed.

26. The United States Department of Transportation through the Federal Motor Carrier Safety Administration (FMCSA) issues the public authority to operate the trucking company.

27. Once licensed, the trucking company is issued public authority to operate tractor-trailers and interstate transportation.

28. For this reason, Wisconsin and Federal Law require drivers to have a CDL License before driving a tractor-trailer on public roads.

29. To obtain a CDL License, a driver must pass a Federal background check, demonstrate proficiency, and safely operating a tractor-trailer through a Government-Administrated Driving Test, and must certify that he will operate the commercial vehicle in the same safe manner exhibited during the driving test.

30. Compliance with the CDL Licensing minimum standards exists to ensure that tractor-trailers are only driven by qualified individuals to protect other motorists from the unreasonable danger of an unqualified person operating a tractor-trailer.

31. On January 24, 2020, Defendant Hidalgo-Clarke was an employee and agent of Donnelly Transport and Firebird Trucking.

32. The scope of Hidalgo-Clarke's employment/agency included transporting a trailer with the aforementioned 1998 Freightliner on U.S. Highway 45 (hereinafter "U.S. 45") through Waupaca County, Wisconsin.

33. Donnelly Transport, Firebird Trucking and Hidalgo-Clarke had a common goal: to move goods for profit.

34. At all times, Hidalgo-Clarke was acting within the course and scope of the commercial objective.

35. U.S. 45 runs North – South through the eastern and northern parts of the State of Wisconsin and, in relevant part here, through the eastern portion of Waupaca County, Wisconsin along its border with Outagamie County near the City of New London, Wisconsin.

36. On January 24, 2020 at approximately 7:00 a.m., Tischauser drove a four-door automobile Sedan with three other occupants on southbound U.S. 45 and approached the intersection of Ledge Rock Road, immediately south of the intersection of County TT and U.S. 45.

37. Tischauser was a person within the class of people State and Federal Laws were meant to protect on January 24, 2020.

38. That at the same date and time, Defendant Hidalgo-Clarke drove on northbound U.S. 45 and approached Ledge Rock Road from the opposite direction of Tischauser.

39. As the vehicles driven by Tischauser and Hidalgo-Clarke approached each other on a straight and unobstructed section of U.S. 45, the semi-tractor trailer driven by Hidalgo-Clarke unexpectedly crossed the centerline and into the southbound lane of travel of U.S. 45 therein causing a head on collision with the Tischauser vehicle.

40. Tischauser's driving conduct did not cause, nor was it a contributing factor in the collision with the Hidalgo-Clarke driven semi-tractor and trailer.

41. On January 24, 2020, Defendant Hidalgo-Clarke was not appropriately hired, trained, supervised and/or fit to drive a tractor-trailer.

42. Nevertheless, Defendants Donnelly Transport and Firebird Trucking authorized Hidalgo-Clarke to drive the 1998 Freightliner on U.S. 45 on January 24, 2020 to further their business interest.

43. That the foregoing negligent acts on the part of the Defendants, and each of them, were a direct and approximate cause of the injuries and damages sustained by Tischauser.

44. As a result, Tischauser suffered serious injuries affecting his activities of normal daily living, including but not limited to a permanent loss of his left limb above the elbow, jaw fractures, rib fractures, spinal fractures, foot fractures, a traumatic brain injury and fractures of his femur, tibia, patellar and fibula.

45. That the foregoing acts and omissions were outrageous and in reckless disregard of Tischauser's rights in that it demonstrated an indifference on their part to the consequences of their actions.

## COUNT I –
## NEGLIGENCE: JOSUE R. HIDALGO-CLARKE

46. Plaintiff restates and re-alleges the paragraphs above as though fully set forth herein.

47. Hidalgo-Clarke was negligent in the operation of the tractor-trailer causing the January 24, 2020 collision with Tischauser.

48. Hidalgo-Clarke's negligent acts and omissions include, but are not limited to:

   a. Failing to keep a proper lookout for other vehicles;

   b. Failing to maintain proper control of his vehicle;

8

c. Failing to maintain a proper lane of travel;

d. Failing to decrease the speed of his tractor-trailer to avoid colliding with the Tischauser vehicle;

e. Failing to recognize the potential hazards when entering the southbound lane of U.S. 45;

f. Failing to exercise reasonable judgment in calculating the position and movement of other vehicles; and

g. Inattentive driving.

49. Hidalgo-Clarke's acts of negligence, individually, or combined with the acts of negligence of the other defendants, proximately resulted in damages to Tischauser.

50. As a result, Tischauser has suffered severe, permanent, disfiguring and disabling injuries to his mind and body including a permanent loss of his left limb above the elbow, injuries affecting his activities of normal daily living, past and future loss of earnings and earning capacity, past and future medical expenses, past and future physical and mental anguish and pain, severe and permanent bodily injury, past and future physical disability, past and future disfigurement, and past and future embarrassment and humiliation in an amount in excess of Seventy-Five Thousand and no/100 Dollars ($75,000.00).

## COUNT II –
## NEGLIGENCE PER SE: JOSUE R. HIDALGO-CLARKE

51. Plaintiff restates and re-alleges the paragraphs above as though fully set forth herein.

52. At all relevant times, State and Federal Law requires all commercial driver vehicles to operate tractor-trailer vehicles in a safe manner for the protection of the tractor-trailer driver himself, other motorists and the public in general.

53. State and Federal Governments enacted safety statutes as a means to become a basis for civil liability including the enactment of a traffic code for compliance by all motorists.

54. Traffic statutes are minimum standards to be followed to ensure the safety of all motorists.

55. Tischauser was a member of the class these statutes seek to protect, and suffered the type of harm these statutes are intended to prevent.

56. At all times material herein, Hidalgo-Clarke owed a duty to Tischauser to exercise reasonable care in the operation of the tractor-trailer by complying with the driving traffic code statutes on January 24, 2020.

57. On January 24, 2020, and at all material times herein, Hidalgo-Clarke committed one or more of the following negligent acts or omissions constituting negligence per se:

    a.  Failed to maintain the tractor-trailer in the northbound lane of travel and crossed the centerline therein violating Wisconsin Statute § 346.05;

    b.  Driving at a speed greater than is reasonable and prudent under the conditions in violation of Wisconsin Statute § 346.57;

    c.  Failing to use due care and control his tractor-trailer as may be necessary to avoid colliding with another vehicle in violation of Wisconsin Statute § 346.57;

    d.  Driving in an inattentive manner in violation of Wisconsin Statute § 346.89;

    e.  Driving in a reckless manner in violation of Wisconsin Statute § 346.62.

58. That each of the foregoing acts or omissions is in violation of applicable traffic laws, as well as Defendant Hidalgo-Clarke's duties, and all to the determent of other motorists, particularly the Plaintiff herein.

59. That as a proximate result of Defendant Hidalgo-Clarke's negligent acts and/or

omissions, the tractor-trailer driven by him violently struck Tischauser's vehicle causing irreparable damage to the vehicle and the occupants therein.

60. As a result, Tischauser has suffered severe, permanent, disfiguring and disabling injuries to his mind and body including a permanent loss of his left limb above the elbow, injuries affecting his activities of normal daily living, past and future loss of earnings and earning capacity, past and future medical expenses, past and future physical and mental anguish and pain, severe and permanent bodily injury, past and future physical disability, past and future disfigurement, and past and future embarrassment and humiliation in an amount in excess of Seventy-Five Thousand and no/100 Dollars ($75,000.00).

<u>**COUNT III** –</u>
**<u>AGENCY/VICARIOUS LIABILITY: DONNELLY TRANSPORTATION, INC.</u>**

61. Plaintiff restates and re-alleges the paragraphs above as though fully set forth herein.

62. Defendant Donnelly Transport is an interstate common carrier based out of Illinois.

63. At all relevant times, Donnelly Transport was a duly registered and authorized DOT carrier responsible for the safety, compliance, and haulage of the tractor semi-trailer rig driven by Hidalgo-Clarke.

64. At all relevant times, Hidalgo-Clarke was driving the 1998 Freightliner tractor semi-trailer rig with the permission, consent, and for the benefit of Donnelly Transport.

65. At the time of the subject collision, Donnelly Transport was the employer of Hidalgo-Clarke pursuant to the statutory definition of "employer" set forth within the FMCSA, 49 C.F.R. § 390.5.

66. Alternatively, and upon information and belief, Hidalgo-Clarke was a common law employee of Donnelly Transport.

67. Donnelly Transport as a carrier and employer is vicariously liable for the acts of Hidalgo-

Clarke, and for the compliance, safety, maintenance, and use of the 1998 Freightliner truck.

68. Defendant Donnelly Transport has vicarious liability for the negligence of Hidalgo-Clarke and the damages approximately caused by said negligence

69. As a result, Tischauser has suffered severe, permanent, disfiguring and disabling injuries to his mind and body including a permanent loss of his left limb above the elbow, injuries affecting his activities of normal daily living, past and future loss of earnings and earning capacity, past and future medical expenses, past and future physical and mental anguish and pain, severe and permanent bodily injury, past and future physical disability, past and future disfigurement, and past and future embarrassment and humiliation in an amount in excess of Seventy-Five Thousand and no/100 Dollars ($75,000.00).

## COUNT IV –
## AGENCY/VICARIOUS LIABILITY: FIREBIRD TRUCKING, INC.

70. Plaintiff restates and re-alleges the paragraphs above as though fully set forth herein.

71. Defendant Firebird Trucking is an interstate common carrier based out of Illinois.

72. At all relevant times, Firebird Trucking was the owner of the 1998 Freightliner operated by Hidalgo-Clarke.

73. At all relevant times, Firebird Trucking was a duly registered and authorized DOT carrier responsible for the safety, compliance, and haulage of the tractor semi-trailer rig driven by Hidalgo-Clarke.

74. At all relevant times, Hidalgo-Clarke was driving the 1998 Freightliner tractor semi-trailer rig with the permission, consent, and for the benefit of Firebird Trucking.

75. Firebird Trucking was the common law employer of Hidalgo-Clarke.

76. Alternatively, Firebird Trucking was the employer of Hidalgo-Clarke pursuant to the

statutory definition of "employer" set forth within the FMCSA, 49 C.F.R. § 390.5.

77. Firebird Trucking as a carrier and employer is vicariously liable for the acts of Hidalgo-Clarke, and for the compliance, safety, maintenance, and use of the 1998 Freightliner.

78. Defendant Firebird Trucking has vicarious liability for the negligence of Hidalgo-Clarke and the damages approximately caused by said negligence

79. As a result, Tischauser has suffered severe, permanent, disfiguring and disabling injuries to his mind and body including a permanent loss of his left limb above the elbow, injuries affecting his activities of normal daily living, past and future loss of earnings and earning capacity, past and future medical expenses, past and future physical and mental anguish and pain, severe and permanent bodily injury, past and future physical disability, past and future disfigurement, and past and future embarrassment and humiliation in an amount in excess of Seventy-Five Thousand and no/100 Dollars ($75,000.00).

**COUNT V –**
**NEGLIGENT HIRING, TRAINING AND SUPERVISION: DONNELLY**
**TRANSPORTATION, INC.**

80. Plaintiff restates and re-alleges the paragraphs above as though fully set forth herein.

81. At all times relevant to this cause of action, Defendant Donnelly Transport was subject to and required to obey the minimum safety standards established by the FMCSR either directly or as adopted by the Wisconsin Legislature and the Wisconsin Department of Transportation.

82. Defendant Donnelly Transport was required to qualify and hire safe truck drivers.

83. The operation of the trucking company, and the hiring, qualifying, training and supervision of its drivers requires care and skill to be done safely.

84. Defendant Donnelly Transport was required to teach and train those drivers so that they are able to understand and obey the minimum driving standards contained in the FMCS and Commercial Driver's License Manual, and carry out their duties and obligations thereunder.

85. When the operation of a trucking company and the hiring, qualifying, training, and supervision of its drivers is not done with care and skill required to meet reasonable minimum industry standards, it is foreseeable that serious harm and death will occur to the traveling public.

86. Hidalgo-Clarke was unfit for the activities he engaged in on January 24, 2020 and Defendant Donnelly Transport was negligent and reckless in its employment, supervision and/or retention of Defendant Hidalgo-Clarke.

87. Defendant Donnelly Transport was negligent, without limitations, in the following manner:

   a. hiring and/or contracting with Defendant Hidalgo-Clarke to drive the tractor-trailer at issue;

   b. failing to train Hidalgo-Clarke on the FMCSR and its strict compliance;

   c. failing to supervise Hidalgo-Clarke while driving the tractor-trailer;

   d. failing to train Hidalgo-Clarke to properly drive the tractor-trailer;

   e. failing to train Hidalgo-Clarke to properly inspect the tractor-trailer and maintain proper proof of the same;

   f. failing to train Hidalgo-Clarke to properly maintain the tractor-trailer;

   g. retaining Hidalgo-Clarke to drive the tractor-trailer;

h.  failing to conduct proper and required checks on the background of their employee, agent and/or contractor, Hidalgo-Clarke;

i.  failing to exercise ordinary care to determine their employees, agents and/or contractors fitness for the task of driving a commercial vehicle interstate;

j.  requiring drivers to meet unrealistic driving goals which Donnelly Transport knew, had reason to know, or should have known would cause its drivers to violate the FMCSR; and

k.  failing to assess the risks reasonably known on January 24, 2020 and using reasonable care to eliminate the same.

88. Defendant Donnelly Transport's negligent and reckless employment, supervision and retention of Hidalgo-Clarke was a cause of the motor vehicle collision of January 24, 2020.

89. As a result, Tischauser has suffered severe, permanent, disfiguring and disabling injuries to his mind and body including a permanent loss of his left limb above the elbow, injuries affecting his activities of normal daily living, past and future loss of earnings and earning capacity, past and future medical expenses, past and future physical and mental anguish and pain, severe and permanent bodily injury, past and future physical disability, past and future disfigurement, and past and future embarrassment and humiliation in an amount in excess of Seventy-Five Thousand and no/100 Dollars ($75,000.00).

## COUNT VI –
## NEGLIGENT HIRING, TRAINING AND SUPERVISION:
## FIREBIRD TRUCKING, INC.

90. Plaintiff restates and re-alleges the paragraphs above as though fully set forth herein.

91. At all times relevant to this cause of action, Defendant Firebird Trucking was subject to and required to obey the minimum safety standards established by the FMCSR either directly or as adopted by the Wisconsin Legislature and the Wisconsin Department of Transportation.

92. Defendant Firebird Trucking was required to qualify and hire safe truck drivers.

93. The operation of the trucking company, and the hiring, qualifying, training and supervision of its drivers requires care and skill to be done safely.

94. Defendant Firebird Trucking was required to teach and train those drivers so that they are able to understand and obey the minimum driving standards contained in the FMCS and Commercial Driver's License Manual, and carry out their duties and obligations thereunder.

95. When the operation of a trucking company and the hiring, qualifying, training, and supervision of its drivers is not done with care and skill required to meet reasonable minimum industry standards, it is foreseeable that serious harm and death will occur to the traveling public.

96. Hidalgo-Clarke was unfit for the activities he engaged in on January 24, 2020 and Defendant Firebird Trucking was negligent and reckless in its employment, supervision and/or retention of Defendant Hidalgo-Clarke.

97. Defendant Firebird Trucking was negligent, without limitations, in the following manner:

a. hiring and/or contracting with Defendant Hidalgo-Clarke to drive the tractor-trailer at issue;

b. failing to train Hidalgo-Clarke on the FMCSR and its strict compliance;

c. failing to supervise Hidalgo-Clarke while driving the tractor-trailer;

d. failing to train Hidalgo-Clarke to properly drive the tractor-trailer;

e. failing to train Hidalgo-Clarke to properly inspect the tractor-trailer and maintain proper proof of the same;

f. failing to train Hidalgo-Clarke to properly maintain the tractor-trailer;

g. retaining Hidalgo-Clarke to drive the tractor-trailer;

h. failing to conduct proper and required checks on the background of their employee, agent and/or contractor, Hidalgo-Clarke;

i. failing to exercise ordinary care to determine their employees, agents and/or contractors fitness for the task of driving a commercial vehicle interstate;

j. requiring drivers to meet unrealistic driving goals which Firebird Trucking knew, had reason to know, or should have known would cause its drivers to violate the FMCSR; and

k. failing to assess the risks reasonably known on January 24, 2020 and using reasonable care to eliminate the same.

98. Defendant Firebird Trucking's negligent and reckless employment, supervision and retention of Hidalgo-Clarke was a cause of the motor vehicle collision of January 24, 2020.

99. As a result, Tischauser has suffered severe, permanent, disfiguring and disabling injuries to his mind and body including a permanent loss of his left limb above the elbow, injuries

affecting his activities of normal daily living, past and future loss of earnings and earning capacity, past and future medical expenses, past and future physical and mental anguish and pain, severe and permanent bodily injury, past and future physical disability, past and future disfigurement, and past and future embarrassment and humiliation in an amount in excess of Seventy-Five Thousand and no/100 Dollars ($75,000.00).

## COUNT VII –
## JOINT ADVENTURE: DONNELLY TRANSPORTATION, INC., FIREBIRD TRUCKING, INC. AND/OR JOSUE R. HIDALGO-CLARKE

100. Plaintiff restates and re-alleges the paragraphs above as though fully set forth herein.

101. At all relevant times, Firebird Trucking and Donnelly Transport enlisted the services of Hidalgo-Clarke to operate the 1998 Freightliner.

102. On the date of the collision, Firebird Trucking, Donnelly Transport and Hidalgo-Clarke had a financial or commercial agreement to operate and use the 1998 Freightliner to procure and transport goods for profit.

103. The defendants coordinated and combined resources and skills to achieve their objective of moving goods to earn money.

104. That at all times material, Firebird Trucking, Donnelly Transport and Hidalgo-Clarke each controlled, or had the ability to control, the means employed to carry out their trucking commercial adventure.

105. On January 24, 2020, Hidalgo-Clarke acted within the scope of the defendants' joint adventure.

106. That the negligent conduct of Hidalgo-Clarke caused injury Tischauser, therein binding Firebird Trucking and Donnelly Trucking as joint adventurers.

107.     As a result, Tischauser has suffered severe, permanent, disfiguring and disabling injuries to his mind and body including a permanent loss of his left limb above the elbow, injuries affecting his activities of normal daily living, past and future loss of earnings and earning capacity, past and future medical expenses, past and future physical and mental anguish and pain, severe and permanent bodily injury, past and future physical disability, past and future disfigurement, and past and future embarrassment and humiliation in an amount in excess of Seventy-Five Thousand and no/100 Dollars ($75,000.00).

### COUNT VIII - DIRECT INSURER ACTION: ACE PROPERTY AND CASUALTY INSURANCE COMPANY

108.     Plaintiff restates and re-alleges the paragraphs above as though fully set forth herein.

109.     That at all times material and on January 24, 2020, said Ace Property and Casualty Insurance Company had in full force and effect a policy or policies of liability insurance with Defendant, Donnelly Transport where and under the terms of its policy or policies, said Insurance Company agreed to pay any amounts which said Defendant would become liable for as a result of tortious acts.

110.     That by reason of said policy, the laws of the State of Wisconsin and the occurrence described herein, said insurance company is united in interest with Donnelly Transport and others described above, and is directly liable pursuant to Wis. Stat. § 632.24.

## COUNT IX - DIRECT INSURANCE ACTION:
## STATE NATIONAL INSURANCE COMPANY, INC.

111.     Plaintiff restates and re-alleges the paragraphs above as though fully set forth

herein.

112.     That at all times material and on January 24, 2020, State National Insurance

Company, Inc. had in full force and effect a policy or policies of liability insurance with

the Defendant, Firebird Trucking where and under the terms of its policy or policies, said

Insurance Company agreed to pay any amounts which said Defendant would become

liable for as a result of tortious acts.

113.     That by reason of said policy, the laws of the State of Wisconsin and the

occurrence described herein, said insurance company is united in interest with Firebird

Trucking and others described above, and is directly liable pursuant to Wis. Stat. §

632.24.




[Remainder of page left blank]

**WHEREFORE**, Plaintiff prays for a money judgment against defendants, and each of them, jointly and severally, for damages in an amount in excess of Seventy-Five Thousand and no/100 Dollars ($75,000.00) together with statutory and common law costs and disbursements, pre-judgment and post-judgment interest, punitive damages, reasonable attorney fees, and for such other and further relief as the court may deem just, fair and equitable.

Dated:   August 20, 2020

/s Rene L'Esperance
Rene L'Esperance (#1086902)
ATTORNEY FOR PLAINTIFF
L'Esperance & Feidt, LLC
118 N. Mill Street
P.O. Box 473
Hortonville, WI 54944
Tel: 920-240-0117
Fax: 920-268-1919
Email: rjl@lflawllc.com