UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MITCHELL TISCHAUSER,
DELOS W. LUEDTKE,
PADEN ROTHENBERGER,
DUSTIN J. DEMITRIOU and
RONDA DEMITRIOU,

          Plaintiffs,

     v.                                                  Case Nos. 20-C-1291
                                                         20-C-1917
DONNELLY TRANSPORTATION INC.,          21-C-220
JOSUE R. HIDALGO-CLARKE,                 21-C-965
FIREBIRD TRUCKING INC.,
ACE PROPERTY & CASUALTY
INSURANCE COMPANY, and
STATE NATIONAL INSURANCE CO. INC.,

          Defendants.

---

## DECISION AND ORDER

---

      Plaintiffs in this consolidated case brought suit against Defendants Donnelly Transportation Inc., Josue R. Hidalgo-Clarke, Firebird Trucking Inc., and two insurance companies for injuries they sustained in a January 24, 2020, collision involving a semi-tractor and an automobile on United States Highway 45 in Caledonia, Wisconsin. This matter comes before the Court on Defendants Donnelly Transportation Inc., Josue Hidalgo-Clarke, and ACE Property and Casualty Insurance Company's motion to dismiss the institutional negligence, vicarious liability, joint enterprise, and loss of consortium claims asserted by Plaintiffs Dustin and Ronda Demitriou against Defendant Donnelly Transportation Inc. For the following reasons, the motion will be granted.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the light most favorable to the non-moving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir. 1997).

On January 24, 2020, Dustin Demitriou was a passenger in a motor vehicle traveling southbound on United States Highway 45, at or near the intersection with Everts Lane, in Caledonia, Wisconsin. Defendant Josue Hidalgo-Clarke was the operator of a semi-tractor and trailer and traveling northbound on United States Highway 45. Plaintiffs allege that Hidalgo-Clarke negligently operated his semi-tractor and trailer and collided with the motor vehicle in which Dustin Demitriou was a passenger. Plaintiffs also assert that Hidalgo-Clarke was operating the motor vehicle during the course and scope of his employment with Defendant Donnelly Transportation Inc. and Defendant Firebird Trucking Inc. Plaintiffs Dustin and Ronda Demitriou assert the following claims: (1) negligence against Hidalgo-Clarke; (2) institutional negligence against Donnelly and Firebird; (3) vicarious liability against Donnelly and Firebird; (4) vicarious liability against Donnelly and Firebird (in the alternative); (5) "agency/Restatement 414" against Firebird; (6) "agency/Restatement 414" against Donnelly; (7) joint enterprise against Donnelly and Firebird; (8) loss of consortium against Hidalgo-Clarke; (9) loss of consortium against Donnelly; and (10) loss of consortium against Firebird.

Defendants assert that the institutional negligence, vicarious liability, joint enterprise, and loss of consortium claims asserted against Donnelly should be dismissed. Citing Illinois law, Defendants maintain that a plaintiff who is injured in a motor vehicle accident cannot maintain a claim for negligent hiring, retention, entrustment, or training against an employer when the

employer admits responsibility for the employee's conduct under respondeat superior. Defs.' Br. at 2, Dkt. No. 53 (citing *McQueen v. Green*, 2020 IL App (1st) 190202, 178 N.E.3d 700; *Gant v. L.U. Transport, Inc.*, 331 Ill. App. 3d 924, 928, 770 N.E.3d 1155 (1st Dist. 2002)). Defendants argue that because Donnelly admits that Hidalgo-Clarke was acting as its agent and operating within the authority granted to Donnelly by the DOT on January 24, 2020, Plaintiffs' institutional negligence, vicarious liability, joint enterprise, and loss of consortium claims are unnecessary.

Sitting in diversity jurisdiction, this Court looks to the substantive law of Wisconsin for purposes of resolving the instant motion. *See Employers Ins. of Wausau v. Stopher*, 155 F.3d 892, 895 (7th Cir. 1998). Plaintiffs assert that, under Wisconsin law, where respondeat superior is alleged, plaintiffs are able to maintain a claim in the same lawsuit for both general negligence against an employee and institutional negligence against the employer. While the Wisconsin Supreme Court has recognized that negligent hiring, training, or supervising is a valid claim, *see Miller v. Wal-Mart Stores, Inc.*, 219 Wis. 2d 250, 580 N.W.2d 233 (1998), it has not directly addressed the issue of whether a plaintiff may proceed on an institutional negligence claim when the employer has admitted that the employee was acting within the course and scope of his employment at the time of a motor vehicle accident. Where the state's highest court has not decided a particular issue, this Court must apply the law as it believes the Wisconsin Supreme Court would. *Doermer v. Callen*, 847 F.3d 522, 527 (7th Cir. 2017). In the absence of any Wisconsin authority on the issue, the Court may consider decisions from other jurisdictions for guidance. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 635 (7th Cir. 2007).

Defendants assert that the majority of states that have addressed this issue have held that a plaintiff cannot pursue a claim against an employer for negligent entrustment, hiring, supervision, or training when the employer admits respondeat superior liability for a driver's negligence. *See*

*Finkle v. Regency CSP Ventures Ltd. P'ship*, 27 F. Supp. 3d 996, 999–1000 (D.S.D. 2014) (examining jurisdictions following majority and minority rules). The rationale for the majority view is as follows:

> "Issues relating to negligent entrustment become irrelevant when the party so charged has admitted his responsibility for the conduct of the negligent actor. *The liability of the third party in either case is predicated initially upon the negligent conduct of the driver and absent the driver's negligence the third party is not liable.* Permitting evidence of collateral misconduct such as other automobile accidents or arrests for violation of motor vehicle laws would obscure the basic issue, namely, the negligence of the driver, and would inject into the trial indirectly, that which would otherwise be irrelevant."

*Gant*, 331 Ill. App. 3d at 927–28 (quoting *Neff v. Davenport Packing Co.*, 131 Ill. App. 2d 791, 792–93, 268 N.E.2d 574 (1971)) (emphasis in original). Courts following the majority rule have found that, if an employer has admitted *respondeat superior* liability, "evidence of negligent hiring, training, supervision or retention becomes unnecessary, irrelevant, and prejudicial." *Akhalia v. Guardia*, No. 11-CV-531, 2013 WL 2395974, at *6 (E.D.N.Y. May 31, 2013); *see also* Richard A. Mincer, *The Viability of Direct Negligence Claims Against Motor Carriers in the Face of an Admission of Respondeat Superior*, 10 Wyo. L. Rev. 229 (2010).

Conversely, a minority of jurisdictions have found that "an admission by an employer that its employee was acting within the scope of her employment does not preclude an action for both respondeat superior and negligent entrustment, training, hiring, retention, or supervision." *Finkle*, 27 F. Supp. 3d at 1000 (collecting cases). "Those jurisdictions following the minority rule have done so in part based on the notion that a claim for negligent hiring, retention, training and supervision is premised on an employer's direct liability, as opposed to a claim under the theory of respondeat superior pursuant to which an employer's liability is derivative of the negligent acts of an employee acting within the scope of employment." *Parrick v. FedEx Grounds Package Sys.,*

*Inc.*, No. CV 09-95-M-DWM-JCL, 2010 WL 1981451, at *3 (D. Mont. Apr. 21, 2010) (citations omitted).

After reviewing the decisions of courts that have addressed this issue, the Court finds the reasoning of the majority rule persuasive and is satisfied that the Wisconsin Supreme Court would adopt that approach in circumstances like this, where the claims of negligence asserted against the employer rest upon the alleged negligence of its employee and are superfluous with the claim for respondeat superior liability. "Once an employer stipulates that an employee was acting within the scope of employment, the employer is already responsible for the negligent acts of the employee and any additional theory of liability under negligent entrustment would be unnecessary." *Davis v. Macey*, 901 F. Supp. 2d 1107, 1112 (N.D. Ind. 2012). Allowing Plaintiffs to proceed on the claim for institutional negligence against Donnelly would not entitle Plaintiffs to greater recovery; instead, it would merely prejudice Donnelly and expand the time and resources of the parties and the Court. *See Meherg v. Pope*, No. 1:10-CV-185, 2013 WL 5934143, at *16 (W.D. Ky. Nov. 5, 2013) (citations omitted).

Had Donnelly not admitted respondeat superior liability, Plaintiffs could have pled alternative theories of liability, including claims for institutional negligence. But because Donnelly admitted that Hidalgo-Clarke was acting within the scope of his employment, there is no need for Plaintiffs to allege alternative theories of liability against Donnelly. Therefore, Plaintiffs' claims of institutional negligence, vicarious liability, joint enterprise, and loss of consortium are superfluous and will be dismissed.

For these reasons, Defendants Donnelly Transportation Inc., Josue Hidalgo-Clarke, and ACE Property and Casualty Insurance Company's motion to dismiss Counts II, IV, VII, and IX (Dkt. No. 53) is **GRANTED**. Plaintiffs Dustin and Ronda Demitriou's claims of institutional

negligence, vicarious liability, joint enterprise, and loss of consortium asserted against Defendant Donnelly Transportation Inc. are dismissed.

**SO ORDERED** at Green Bay, Wisconsin this 3rd day of March, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge